UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEZRELL L. CRAWFORD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>　　　　　　Defendants. | No.  1:15-cv-01583 DAD DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>FOURTEEN-DAY OBJECTION DEADLINE |

　　　　Plaintiff Jezrell L. Crawford ("Plaintiff") is an inmate in the Fresno County Jail proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed his complaint on October 15, 2015.

　　　　On October 19 and 20, 2015, the court issued orders which were subsequently returned on October 30 and November 2, 2015, by the United States Postal Service as "Undeliverable.  Not in Custody."

　　　　Plaintiff is required to keep the court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action

///

1

1  ///

2  without prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides

3  for dismissal of an action for failure to prosecute.[1]

4      Plaintiff's address change was due by January 7, 2016, but he failed to file one and he has

5  not otherwise been in contact with the court. Fed. R. Civ. P. 6(d); Local Rule 183(b). "In

6  determining whether to dismiss an action for lack of prosecution, the district court is required to

7  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

8  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

9  favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

10  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation

11  omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re*

12  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

13  These factors guide a court in deciding what to do, and are not conditions that must be met in

14  order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

15      The expeditious resolution of litigation and the court's need to manage its docket weigh in

16  favor of dismissal. *Id.* at 1227. Further, an opposing party is necessarily prejudiced by the aging

17  of a case left to idle indefinitely as a result of the plaintiff's disinterest in either moving forward

18  or taking action to dismiss the case. *Id.*

19      With respect to the fourth factor, "public policy favoring disposition of cases on their

20  merits strongly counsels against dismissal," but "this factor lends little support to a party whose

21  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

22  progress in that direction." *Id.* at 1228.

23      Finally, given the court's inability to communicate with plaintiff, there are no other

24  reasonable alternatives available to address plaintiff's failure to prosecute. *In re PPA,* 460 F.3d at

25  1228-29; *Carey*, 856 F.2d at 1441.

26

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

**FINDINGS AND RECOMMENDATIONS**

The court therefore finds that this action should be DISMISSED for plaintiff's failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 13, 2016**                    /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE